HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

R.H., et al.,

Plaintiffs,

v.

PREMERA BLUE CROSS, et al.

Defendants.

CASE NO. C13-97RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on Plaintiff R.H.'s renewed unopposed motion for preliminary approval of settlement agreement. Dkt. # 68. After extensive negotiations, the parties have reached an agreement that appears to fundamentally change the insurance landscape for all of defendants' Washington insureds with developmental disabilities and autism, and provides the class with broad and immediate relief. On July 7, 2014, the court granted plaintiff's unopposed motion to certify the class and denied plaintiff's motion for preliminary approval of the settlement agreement. Dkt. # 65. On July 21, 2014, the court denied plaintiff's motion for reconsideration. Dkt. # 67. Plaintiff

ORDER- 1

has now provided the court sufficient information and legal authority for the court to grant preliminary approval of the settlement agreement.

For the reasons stated below, the court GRANTS plaintiff's motion for preliminary approval.[1]

## II. BACKGROUND

In January 2013, plaintiff R.H., by and through his parents and guardians, P.H. and N.B.-H, filed this case alleging that Premera Blue Cross and LifeWise Health Plan of Washington ("Premera") failed to comply with Washington's Mental Health Parity Act ("Parity Act"). Dkt. # 1. The Parity Act generally requires Washington health plans to cover medically necessary outpatient and inpatient services to treat mental disorders covered by the diagnostic categories listed in the most current version of the Diagnostic and Statistical Manual of Mental Disorders ("DSM" or "DSM-IV") under the same terms and conditions as medical and surgical services. *See* RCW 48.44.341; *J.T. v. Regence BlueShield*, 291 F.R.D. 601, 606 (W.D. Wash. 2013).

The Employee Retirement Income Security Act ("ERISA") governs the health care plans at issue here, and thus plaintiff brings his claims under its provisions. *See* 29 U.S.C. § 1002. Plaintiff's complaint sets forth three claims for relief: (1) breach of fiduciary duties pursuant to ERISA § 404(a)(1), 29 U.S.C. § 1104(a); (2) recovery of benefits, clarification of rights under terms of the plan, and clarification of rights to future benefits under the plan pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B); and (3) to enjoin acts and practices in violation of the terms of the plans, to obtain other equitable relief, and to enforce the terms of the plans pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). Dkt. # 1 ¶¶ 29–41.

Plaintiff contends that Premera has adopted a uniform policy excluding coverage for neurodevelopmental therapy ("NDT") therapy to treat DSM conditions for individuals

---

[1] No party has requested oral argument, and the court finds oral argument unnecessary.

over the age of six and imposing visit limits on such therapies when covered under its "rehabilitation" benefit. *Id.* ¶ 12. Plaintiff alleges that he was denied coverage for speech and occupational therapy necessary to treat his DSM condition of pervasive developmental disorder-not otherwise specified (DSM-IV 299.8) and developmental delays (DSM-IV 315.9) after reaching visit limits under his rehabilitation benefit. *Id.* Plaintiff alleges that he understood that his applied behavior analysis ("ABA") therapy to treat his autism was not covered. *Id.* Plaintiff alleges that to the extent that Premera provides any coverage of NDT or ABA therapies, it generally imposes treatment limitations that were not at parity with coverage for medical and surgical services. *Id.* With respect to the ABA therapy, plaintiff contends that Premera's internal policies and procedures created a *de facto* exclusion of ABA therapy to treat plaintiff's autism syndrome disorder ("ASD"). Dkt. # 60 (Plf's Mot.) at 4.

With respect to the NDT therapy, the proposed settlement agreement eliminates Premera's alleged NDT age exclusion and treatment limits when those therapies are provided to treat DSM-IV mental health conditions. The proposed settlement agreement also provides a $3.5 million settlement fund to address NDT class members' claims for reimbursement for uncovered NDT services to treat mental health conditions during the class period. Plaintiff seeks certification for the NDT class under Rule 23(b)(3).

With respect to the ABA therapy, the parties agreed to resolve, on a class-wide basis, the criteria for coverage on a prospective basis. Dkt. # 60 at 5. The past damage claims held by class members were not settled. *Id.* The proposed settlement agreement does not waive the claims of class members who were unable to receive coverage for ABA therapy in the past, and allows individual class members to pursue individual damage claims on a case-by-case basis. *Id.* Plaintiff seeks certification of the ABA class under Rule 23(b)(2).

## III. ANALYSIS

The court's findings on the issue of whether the settlement is fair, reasonable, and adequate are necessarily preliminary. The court previously denied plaintiff's motion because plaintiff had not provided any information to the court that would allow it to conclude that $3.5 million is adequate and sufficient to pay thousands of class members, and because of concerns regarding the adequacy of requested fees and incentive payments, the adequacy of the *cy pres* award, and the adequacy of the form of the notice. Plaintiff has addressed all of the court's concerns.

Under the terms of the settlement agreement, Premera will provide prospective coverage of medically necessary NDT to treat individuals with a mental health condition. Dkt. # 62-1 (Settlement Agreement) ¶ 6.1. In doing so, Premera has agreed to eliminate its age exclusion, treatment limitations, and caps. *Id.* ¶¶ 6.1.2-.4. Premera has also agreed to provide medically necessary ABA therapy coverage to treat autism, and to eliminate its age exclusion, treatment limitations, and caps with respect to ABA therapy as well. *Id.* ¶¶ 6.2.1-.2. The agreement also provides for a $3,500,000 fund for the NDT class from which payment will be made for attorney's fees, costs, claims administration costs, payments to R.H. and J.P. for retrospective ABA coverage, incentive awards, and class members' claims for uncovered NDT. *Id.* ¶ 8.

NDT class members will be eligible for payment from the settlement fund upon submission of a claim form that verifies the claimant's DSM diagnosis, the dates of the NDT for that diagnosis, the providers of the treatment, and the unreimbursed charges or debt incurred with that treatment. *Id.* ¶ 8.4. Class members must provide documentation to support their claim for reimbursement. *Id.* ¶ 8.4.2.1. An independent claims processor will review the claims, confirm coverage with Premera, ensure that there are no duplicate claims, and provide an opportunity for class members to cure any problems with a deficient claim form. *Id.* ¶¶ 8.4.3.1-.2.

Plaintiff has provided sufficient evidence, under seal due to the confidential nature of the data provided, that indicates that even a 16 percent claim submission rate would result in 100 percent of claims being paid. Dkt. ## 69 & 70 (Spoonemore Decl.) ¶ 2. In the court's experience, a 16 percent participation rate is within the normal range for participants in class actions. *See Chesbro v. Best Buy Stores, L.P.*, Case No. C10-774RAJ, 2014 WL 793362, *4 n.3 (W.D. Wash. Feb. 26, 2014) ("this court has previously found that 8.5 percent of participation is within the normal range for participants in class actions.").

With respect to attorney's fees, the Ninth Circuit has established a benchmark award for attorney's fees of twenty-five percent of the common fund. *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993). Plaintiff's counsel may seek a thirty-five percent fee award, or $1,225,000.[2] A twenty-five percent fee award would result in $875,000, which is closer to the lodestar calculation provided by plaintiffs for actual hours expended. Dkt. # 68 at 15. Nevertheless, counsel obtained an unprecedented expansion of coverage for NDT and ABA services for class members despite substantial risk involved in the litigation. The court will reserve its ruling on attorney's fees until it has reviewed plaintiffs' motion for attorney's fees to determine whether an upward departure to thirty-five percent of the common fund is warranted. The relevant provision in the Settlement Agreement only secures the defendants' agreement not to oppose a later motion for attorney's fees up to thirty-five percent. Accordingly, on a preliminary basis, and with the caveat that the court will take a careful look at the attorney's fees motion, plaintiffs have satisfied the court's concerns with respect to attorney's fees.

---

[2] Plaintiffs indicate for the first time that class counsel may not seek thirty-five percent. Dkt. # 68 at 15.

Plaintiff has also provided the court with evidence and legal authority that, on a preliminary basis, the incentive award of $25,000 to each plaintiff and guardian (for a total of $100,000) is reasonable where they have all dedicated substantial time, effort and undertaken risk to protect the interests of plaintiffs.[3] *See Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003) (district court must evaluate their awards individually, using relevant factors including the actions the plaintiff has taken to protect the interests of the class, the degree to which the class benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation).

With respect to the *cy pres* award in the event that funds remain, plaintiff has demonstrated the Settlement Agreement follows the "next best distribution" mandate followed by the Ninth Circuit. *See Lane v. Facebook, Inc.* 696 F.3d 811, 821-22 (9th Cir. 2012). Under the Settlement Agreement, any *cy pres* award must be distributed to organizations to assist families with a family member with developmental conditions to access health care and health coverage. Since any *cy pres* award must go to organizations to assist families with a developmentally disabled family member to access health coverage, the court finds that, on a preliminary basis, any such distribution accounts for the nature of plaintiff's lawsuit, the objectives of the underlying statutes, and the interests of silent class members. *See Lane*, 696 F.3d at 821.

Finally, the court finds that the form of notice that class counsel provides, which it proposes to be mailed to all class members, is reasonable. Fed. R. Civ. P. 23(c)(2)(B) (requiring "best notice that is practicable under the circumstances, including all members who can be identified through reasonable effort"). However, the court has changed some

---

[3] The court will accept counsel's declaration representing the time and effort undertaken by class representatives on preliminary approval. Dkt. # 69 (Spoonemore Decl.) ¶4. However, the court expects that the class representatives will provide declarations to the court detailing the time and effort they dedicated in support of the motion for incentive awards.

of the deadlines below. Accordingly, counsel shall revise the deadlines to conform to this order.

## IV. PRELIMINARY APPROVAL

This section sets forth formal findings and conclusions supporting the court's preliminary approval of this class settlement. The court has largely adopted this section from the plaintiff's proposed order. To the extent anything in this section conflicts with another section of this order, the language of the other section will control.

1. The Court, for purposes of this Order, adopts the definitions set forth in the Settlement Agreement submitted in support of this motion.

2. The Court finds that the Settlement Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable and adequate and within the range of reasonableness for preliminary settlement approval. The Court finds that: (a) the Settlement Agreement resulted from extensive arm's length negotiations; and (b) the Settlement Agreement is sufficient to warrant notice of the Settlement Agreement to persons in the Classes and a full hearing on the approval of the Settlement Agreement.

3. Class counsel's proposed webpage notice and protocol is approved. Class counsel will establish a Settlement Website no later than September 12, 2014 (www.sylaw.com/PremeraSettlement), which will provide information about the settlement, including the complete Settlement Agreement, the notice mailed to Class members, the claim form instructions, and the motion for attorney's fees and incentive awards.

4. The Court finds that the proposed revised Notice of Settlement meets the requirements of Federal Rule of Civil Procedure 23 and the applicable law in that it fairly and adequately describes the terms of the Agreement, gives notice of the time and place of the hearing for final approval of the Agreement, and describes how a class member may comment on, opt out of, object to, or support the Agreement. The Court finds that

the revised Claim Form, Claim Form Matrix and Claim Form Instructions, provide Class members with NDT claims a reasonable method to file claims.

5. The Court directs the Claims Administrator, Nickerson & Associates, to mail the revised Notice of Settlement and Claim Form material to Class members no later than September 12, 2014. The Court concludes that direct mail notice to Class members is the best notice practicable under the circumstances.

6. Claims by NDT class members must be received by the claims processor on or before November 21, 2014.

7. Class counsel shall file their motion for attorney's fees, costs and incentive awards on or before September 12, 2014. This application shall also be posted on the Settlement Website on September 12, 2014.

8. Class members who wish to comment on, opt out of or object to the proposed Settlement Agreement must submit written comments and/or objections to the claims processor no later than November 21, 2014. The claims processor shall promptly provide copies to counsel for each party, and file any material with the Court.

9. Class members who wish to appear at the final Settlement Approval hearing may do so if they submit written notice that they intend to appear in person or through counsel. If Class members wish to appear in person or through counsel at the hearing, they must also describe the nature of their comment or objection in their written notice of intent to appear. Written notice of intent to appear must be received by the claims processor no later than November 21, 2014. The claims processor shall promptly provide copies to counsel for each party, and file any material with the Court.

10. A Motion for Final Approval of the Settlement Agreement and responses to comments and objections, together with any supporting declarations or other documentation, must be filed no later than December 11, 2014, and noted for January 2, 2015. This motion shall be posted on the Settlement Website on December 11, 2014.

1  11. A final approval hearing will be held on January 9, 2015 at 10:00 a.m. at the United States District Court for the Western District of Washington, 700 Stewart Street, Seattle, WA 98101, at which time the court will determine, among other matters, whether the Settlement Agreement is fair, reasonable, and adequate.

## V. TIMELINE

| Date | Description |
|---|---|
| September 12, 2014 | Deadline by which Settlement Website must be available to the public, and deadline for Class Administrator to serve CAFA Notice pursuant to 28 U.S.C. § 1715(b). |
| September 12, 2014 | Deadline for Class Counsel to file motion for attorney's fees and incentive awards and make it available on the Settlement Website. |
| November 21, 2014 | Deadline for Class members to submit claims, exclude themselves from the Settlement Classes, or file objections. |
| December 11, 2014 | Deadline for class counsel to file motion for final approval, setting forth expected recoveries for class members, and responding to any objections. |
| January 9, 2015 | Final approval hearing. |

Dated this 6th day of August, 2014.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge