Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| R.H., by and through his parents and guardians, P.H. and N.B.-H., individually, on behalf of WASHINGTON ALLIANCE FOR HEALTHCARE INSURANCE TRUST HEALTH BENEFIT PLAN, and on behalf of similarly situated individuals and plans,<br><br>Plaintiff,<br><br>v.<br><br>PREMERA BLUE CROSS, LIFEWISE HEALTH PLAN OF WASHINGTON<br><br>Defendants. | NO. 2:13-cv-00097-RAJ<br><br>[~~REVISED PROPOSED~~] ORDER:<br><br>(1) GRANTING FINAL APPROVAL OF SETTLEMENT AGREEMENT;<br><br>(2) APPROVING DISBURSEMENTS PURSUANT TO SETTLEMENT AGREEMENT;<br><br>(3) APPROVING OPT-OUTS;<br><br>(4) AUTHORIZING THE PAYMENT OF LATE CLAIMS; AND<br><br>(5) SCHEDULING A *CY PRES* HEARING |

ORDER GRANTING FINAL APPROVAL
OF SETTLEMENT AGREEMENT, ETC.
[Case No. 2:13-cv-00097-RAJ]

Sirianni Youtz
Spoonemore Hamburger
999 Third Avenue, Suite 3650
Seattle, Washington 98104
Tel. (206) 223-0303   Fax (206) 223-0246

Upon consideration of the Plaintiff's Motions for Final Approval, Attorney Fees, Costs and Inventive Awards, it is hereby ORDERED as follows:

(1) With respect to the two classes involved in this action, the R.H. NDT Settlement Class and the R.H. ABA Settlement Class (collectively "R.H. Classes"), the Court approves the Settlement Agreement attached as *Appendix 1* to the Motion for Preliminary Approval as fair, reasonable and adequate to the class pursuant to FRCP 23.

(2) The Court finds that the settlement notice to the R.H. Classes met the requirements of Federal Civil Rule of Civil Procedure 23, due process and the applicable law in that it fairly and adequately described the terms of the Agreement, gave notice of the time and place of the hearing for final approval of the Agreement, and described how a class member may comment on, opt out of, object to, or support the Agreement.  The Court finds that the direct mail notice process provided to the R.H. Classes was the best notice practicable under the circumstances, and met the requirements of FRCP 23 and due process.

(3) Upon the occurrence of the conditions set forth in Section 2 of the Settlement Agreement, the Court authorizes the payment of claims administration costs/fees and notice costs (related to the two classes involved in this matter only) from the Settlement Trust Fund to class counsel.  Class counsel is also authorized to pay additional administration and arbitration costs out of the Settlement Trust Fund as they become due, as necessary.  Class counsel shall document and submit those additional invoices and payments in connection with *cy pres* hearing scheduled in paragraph 10, *below*.

(4) Upon the occurrence of the conditions set forth in Section 2 of the Settlement Agreement, the Court authorizes the payment of $153,603.73 to the parents of the named plaintiff in this action, R.H., to reimburse them for their out-of-pocket

ORDER GRANTING FINAL APPROVAL
OF SETTLEMENT AGREEMENT, ETC. – 1
[Case No. 2:13-cv-00097-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

ABA costs as provided in Section 9 of the Settlement Agreement. Class counsel is authorized to disburse these funds from the Settlement Trust Fund.

(5) With respect to the work performed on behalf of the R.H Classes, the Court awards class counsel a fee of 35% of the common cash fund allocated to this action. No class member has objected to this amount, which is significant evidence that the class members find the request to be fair. As the combined population of the R.H. NDT Class and R.H. ABA Class is roughly equal to the combined size of the A.G. NDT Class and the J.P. ABA Class, half of the common fund is fairly allocated to this action, as the parties have done in the Settlement Agreement at Section 8.4.6.1. *See also* Dkt. No. 69-1, *Exh. A*, p. 5 and *Exh. B*, p. 5 (population data for ERISA and non-ERISA class members is roughly equal). As a result, for class counsel's work in just this case before this Court, it is awarded $612,500. This amount is fair and reasonable given that class counsel obtained broad prospective relief and future benefits for both the R.H. Classes, which far exceeds the value of just the cash fund. Dkt. No. 74, ¶¶9-10 (Decl. of Frank Fox, Ph.D.); *Vizcaino v. Microsoft Corp.*, 142 F. Supp. 2d 1299, 1305 (W.D. Wa. 2001) (benchmark fee looks at the total recovery obtained, "including future benefits."). This award also results in a multiplier of 3.3, which is well within an acceptable range. *See Vizcaino v. Microsoft*, 290 F.3d 1043, 1051 (9th Cir. 2002) (multiplier of 3.65 "was within the range of multipliers applied in common fund cases"). Upon the occurrence of the conditions set forth in Section 2 of the Settlement Agreement, the Court awards these attorney fees to class counsel for its efforts in this action, and authorizes the disbursement of these funds from the Settlement Trust Fund to class counsel.

(6) Upon the occurrence of the conditions set forth in Section 2 of the Settlement Agreement, the Court awards litigation costs to class counsel in the amount of $8,355.18, reflecting litigation costs to date in just this action. The Court authorizes the disbursement of these funds from the Settlement Trust Fund.

ORDER GRANTING FINAL APPROVAL
OF SETTLEMENT AGREEMENT, ETC. – 2
[Case No. 2:13-cv-00097-RAJ]

(7) Upon the occurrence of the conditions set forth in Section 2 of the Settlement Agreement, R.H., through his parents P.H. and N.B.-H., is awarded an incentive award in the sum of $25,000. The Court authorizes the disbursement of these funds from the Settlement Trust Fund.

(8) Upon the occurrence of the conditions set forth in Section 2 of the Settlement Agreement, the Court authorizes the payment of approved class member claims in this action. The Court also authorizes the payment of the two late claims identified by class counsel which were received prior to December 21, 2014, provided they are otherwise approved by the claims administrator for payment. The Court authorizes the disbursement of these funds from the Settlement Trust Fund

(9) Individuals otherwise in the R.H. Classes who submitted opt-out forms, attached at *Exhibit B* to Declaration of Eleanor Hamburger in Support of Plaintiff's Unopposed Motion for Final Approval of Settlement Agreement (Dkt. No. 82), are excluded from the R.H. Classes, and are not subject to any provision of the Settlement Agreement.

(10) A hearing to consider the distribution of *cy pres* funds is scheduled for July 10, 2015 at 9:00 a.m.

It is so ORDERED this 21st day of January, 2015.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER GRANTING FINAL APPROVAL
OF SETTLEMENT AGREEMENT, ETC. – 3
[Case No. 2:13-cv-00097-RAJ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246